**UNITED STATES of America,**
**Appellee,**

**Mario Acosta MEDINA, Defendant–Appellant.**

**Docket No. 02–1004.**

United States Court of Appeals, Second Circuit.

Sept. 12, 2002.

Helen V. Cantwell, Assistant United States Attorney, for James B. Comey, United States Attorney, Southern District of New York (Celeste L. Koeleveld, Assistant United States Attorney on the brief), for Appellee.

Paul Lieber, New York, NY, for Appellant.

Present CALABRESI and B.D. PARKER, Circuit Judges, and COTE, District Judge.*

*SUMMARY ORDER*

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED.

Six years ago, Defendant–Appellant Mario Acosta Medina was convicted and imprisoned in California on drug charges. He was then deported to Mexico, where he is a citizen. Medina later reentered the United States without the permission of the Attorney General, a violation of 8 U.S.C. § 1326(a) and (b)(2). While in Manhattan, Medina was arrested by Drug Enforcement Administration agents. Medina pleaded guilty to the sole charge lodged against him—illegal reentry.

The United States Probation Office recommended that Medina be sentenced at the bottom of a sentencing range of 41 to 51 months. Medina did not challenge this calculation but sought a downward departure based on what he characterized as his "cultural assimilation." At the same time, Medina claims to be a "stranger in this land." The thrust of his argument is captured in the following paragraph from his submission to the district court:

> In the case at bar Mr. Medina illegally re-entered the United States so he could visit with his family. His understanding of American law, customs, mores, etc., is limited at best. His lack of any education above the fourth grade, his unskilled job in Mexico, his clear devotion to his family manifested by a willingness to break the law just to see his wife and two young boys, all militate in favor [of] a downward departure based upon Mr. Medina's Mexican/Hispanic heritage.

We agree with the district court that the departure application, as more fully elaborated at the sentencing hearing, was essentially based on Medina's familial ties. As to that ground, the district court noted that Medina came forth with no fact that would distinguish this case from most other illegal reentry cases. On that basis, the district court refused to grant a departure.

Ordinarily, a district court's refusal to depart from the Guidelines is not appealable. *See United States v. Brown,* 98 F.3d 690, 692 (2d Cir.1996) (*per curiam*). We will, however, consider appeals in cases where a judge mistakenly believed that he or she was without power to grant a departure. But in order to disturb the usual presumption against appealability, there must be clear evidence of a "substantial risk that the judge misapprehended the

* The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

scope" of his or her discretion to depart. *See United States v. Tenzer*, 213 F.3d 34, 42 (2d Cir.2000).

In the instant case, while the district judge did question whether he had the authority to depart in this case, he ultimately decided that the departure should be denied "both on law and in any case in the exercise of discretion." We therefore have no jurisdiction to hear this appeal.

We have considered all of the defendant's arguments and find them meritless. Since this case presents none of the exceptions to the rule that decisions not to depart from the Guidelines are not reviewable, the appeal is DISMISSED.